In the Matter of Proving the Last Will and Testament of ELBERT
H. BOGART, Deceased.

*Costs — power of the surrogate to allow them — waiver of objection to their allowance.*

Where a controversy before a surrogate turns upon the correct construction of a
will, the contest as to the *factum* of the will having been withdrawn and no
testimony offered on that subject, the surrogate is authorized to allow costs,
under section 2561 of the Code of Civil Procedure, to the successful party.

What act on the part of one of the litigants constitutes a waiver of objection to
the power of the surrogate to grant costs and to the amount thereof,
considered.

APPLICATION by School District No. 4, in the town of North
Hempstead, to resettle the order of this court on an appeal from a
decree of the Surrogate's Court of Queens county by striking out
the award of costs made to the contestants by the surrogate, and by
denying them the costs of the appeal in this court.

The opinion of the court on the appeal herein is reported in
43 Appellate Division, 582.

*E. T. Payne*, for the motion.

*Henry A. Monfort*, opposed.

PER CURIAM:

The contestants were successful before the surrogate in obtaining
a construction of the will favorable to their interests, and, therefore,
the prohibition in section 2558 of the Code of Civil Procedure,
against awarding costs to the unsuccessful contestant of a will, did
not apply to them. At the time when the proceeding was submit-
ted to the surrogate for decision, however, the contest as to the
*factum* of the will had practically been withdrawn, and the con-
testants offered no testimony on that subject. The controversy
really turned upon the correct construction of the will, and in this
view the surrogate was authorized to allow costs under section 2561
of the Code of Civil Procedure. It is argued, however, that the
award of costs, even if proper when made, should now be stricken
from the decree, inasmuch as the contestants have failed upon their
appeal to this court; and, furthermore, that in any event the amount

awarded is in excess of that prescribed by section 2561 of the Code. It appears, however, that this allowance to the contestants was really not opposed in the Surrogate's Court by the counsel for the present moving party, School District No. 4 in the town of Hempstead. Indeed, that litigant procured the decree to be amended so as to obtain an award of costs which had not been allowed it in the original decree, without signifying any objection to the allowance to the contestants, either in respect to the power of the surrogate to make it, the propriety of making it or the amount thereof. In view of all the circumstances in this proceeding, we are satisfied that the school district must be deemed to have been virtually a consenting party to that portion of the decree which awarded costs to the contestants, and for this reason the award made by the surrogate should remain undisturbed.

All concurred.

Application to resettle order denied.